UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **REUEL ANDERSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 12-398-BAJ-DLD** |
| **UNITED STATES OF AMERICA** | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO CERTIFY CLASS**

**NOW INTO COURT**, through the undersigned counsel, come the plaintiffs herein, for the purpose of submitting this Memorandum in Support of their Ex Parte Motion to Certify Class and say as follows:

MAY IT PLEASE THE COURT:

Pursuant to Local Rule 23.1, plaintiffs move herein for class certification in the captioned matter.

Class certification is proper and should be granted in this case. The requirements set forth in FRCvP 23 are met. This case presents common issues of fact and law. The claims of the named class members and the claims of the persons to be named as class representatives are typical of the claims of members of the putative class. The claims of the members of the putative class are so numerous as to make mass joinder an ineffective tool.

Common issues predominate over individual issues, if they exist, and certification is the superior procedural device to handle these cases. Class certification would result in definable class boundaries, in a single liability trial on predominant issues, and avoid inconsistent or varying adjudications.

**FACTS**

This case arises out of the conduct of Securities and Exchange Commission (SEC) employees at the SEC's Fort Worth-Dallas office (FWDO).

**I.   LAW**

A mass tort such as this one should be handled through class action. The applicable law favors class treatment in this type of case.

   A.   *THIS COURT HAS DISCRETION ON THE ISSUE OF CLASS CERTIFICATION*

A District Court has substantial discretion in determining whether to certify a class pursuant to FRCvP 23. *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001) *In Re: Vulcan Litigation January 5 Incident*, No. 01-05-D-M3 (M.D. La. 2005). In exercising this discretion, the Court does not evaluate the merits of the case but considers only whether the requirements of FRCvP 23 are met. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974). The Court may consider materials beyond the pleadings such as relevant facts, the claims of the parties, and the applicable substantive law. *Castano v. American Tobacco Company*, 84 F.3d 734, 744 (5th Cir. 1996).

   B.   *THE REQUIREMENTS OF FRCvP 23*

The requirements for class certification in federal courts are found in FRCvP 23. In particular, FRCvP 23(a) sets out four prerequisites to be met in class actions: numerosity, commonality, typicality, and fair and adequate representation. Once the Court finds that these four prerequisites are met, it then considers the three categories listed in FRCvP 23(b).

Under FRCvP 23(b) class certification is appropriate if the Court finds that any one of the three categories of FRCvP 23(b) are satisfied. Here, plaintiffs seek certification under FRCvP 23(b)(1) and (3).

## II. ARGUMENT

This Honorable Court should certify the class for the following reasons:

(1) The requirements of numerosity, commonality, typicality and adequacy are met, FRCvP 23(a);

(2) Prosecution of these actions separately creates an unwarranted risk of inconsistent or varying adjudications, FRCvP 23(b)(1)(A), <u>and</u> it creates an unwarranted risk that adjudication with respect to individual class members would, as a practical matter, be dispositive of the interests of other members not party to an individual proceeding (FRCvP 23(b)(1)(B).

(3) Separately and independently, under FRCvP 23(b)(3), the common questions of law and fact overwhelmingly predominate over any individual issue that may arise; and

(4) A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

Plaintiffs hereunder demonstrate why each of the above requirements is met in this litigation.

### A.   *NUMEROSITY*

FRCvP 23(a)(1) simply requires that the class be so large that joinder of all members is impracticable. Plaintiffs must merely demonstrate some evidence or reasonable estimate of the number of purported class members. *James v. City of Dallas*, 254 F.3d 551, 570 (5th Cir. 2001). Generally, a potential class of over one hundred members is sufficient for purposes of numerosity and some courts have noted that any class consisting of more than forty members should raise a presumption that joinder is impracticable. *Street v. Diamond Offshore Drilling*, 2001 WL 568111 (E.D.La. May 25, 2001, Duval, J.).

In the instant case, the requirements of numerosity is unquestionably met. Approximately 2,000 claimants are members of the putative class.

B.   *COMMONALITY*

FRCvP 23(a)(2) requires that there be questions of law or fact common to the class. The Courts have noted that "the threshold of commonality is not high." *Bertulli v. Indep. Ass'n of Continental Pilots*, 242 F.2d 290, 296-97 (5th Cir. 2001) citing *Jenkins v. Raymark Industries*, Inc., 782 F.2d 468 (5th Cir. 1986). See also *Mullen v. Treasure Chest Casino*, 186 F.2d 620, 625 (5th Cir. 1999).

A common question is one that, when answered as to one class member, "will affect all or a significant number of the putative class members." *Forbush v. J.C. Penny Co.*, 994 F.2d 1101, 1106 (5th Cir. 1993). *James v. City of Dallas*; 254 F.3d 551, 570 (5th Cir. 2001).

When the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more elements of that cause of action will be common to all of the persons affected. *Hebert B. Newberg, Newberg on Class Actions § 310 at 3-49* (4th ed. 2002).

In the instant case, there are numerous common issues of fact and law that affect all of the putative class members. There is no question that the conduct of the SEC employees is the common circumstance which triggered all of plaintiffs' claims. Thus, all of the claims of plaintiffs are consequences of incidents for which defendant is responsible. The claims of all class members will hinge on such common questions regarding defendant's liability.

C.   *TYPICALITY*

FRCvP 23(a)(3) requires that the claims of the class representative be typical of the claims of the class members as a whole. It does not require a complete identity of claims but simply requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FRCvP(a)(3). Like commonality, the test for typicality is not demanding. *Mullen v. Treasure Chest Casino*, 186 F.2d 620, 625 (5th Cir. 1999). Typicality exists when the claims of the named and unnamed plaintiffs have a common source or rest upon the same legal and remedial theories. *Mullen v. Treasure Chest Casino*, 186 F.2d 620, 625 (5th Cir. 1999). Generally, when it is alleged that the same unlawful tortious conduct affected <u>both</u> the named plaintiffs <u>and</u> the class sought to be represented, the typicality requirement is met irrespective of varying fact patterns which may underlie individual claims. Hebert B. Newberg, *Newberg on Class Actions § 313 at 3-77* (3rd ed.). Here the claims of the named plaintiffs are typical of the claims of the putative class members. The claims of both arise from the same set of facts and circumstances, and they seek the same relief. Thus, the requirement of typicality are met.

D.   *ADEQUACY*

FRCvP 23(a)(4) requires that the class representatives be adequate to represent the interests of the class. To satisfy this requirement, the class representatives' interest must be aligned with, and not antagonistic to, unnamed class members. *Mullen v. Treasure Chest Casino*, 186 F.2d 620, 625-626 (5th Cir. 1999).

A sufficient alignment of interest exists when "all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class." *In re: Corrugated Container Antitrust Litigation*, 643 F.2d 195, 208 (5th Cir. 1981). The question is whether the representatives will "fairly and adequately" represent the interests of the class. FRCvP 23 (a)(4). Proving individual damages is not required at the class certification stage. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974). Class certification is procedural, not merit dispositive.

The Supreme Court recognizes that the adequacy and representation requirements "tend to merge" with the commonality and typicality requirements, all of which "serve as guideposts for determining whether the maintenance of the class is economical and whether the named plaintiffs and the class claims are so interrelated that the interest of the class members will be fairly and adequately protected in their absence." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *General Telephone Company of Southwest v. Falcon*, 457 U.S. 147, 151, n.13 (1982).

In this case, the claims of the named plaintiffs are interrelated with the claims of the absent class members to such a degree that it is certain that the interests of the absent class members will be adequately and fairly protected.

E.  *AVOIDANCE OF UNDUE RISK*

FRCvP 23(b)(1) provides class certification should be granted where separate actions would (A) create a risk of inconsistent or varying adjudications <u>or</u> (B) create a risk that adjudications by individual members would, as a practical matter, be dispositive of the rights of unrepresented others.

By the sheer number of plaintiffs, some 2,000, the risk of inconsistent verdicts is profound and avoidable only by class certification. Likewise, although plaintiffs need not show both, allowing individual members to go forward certainly causes the practical result of dispositive pre-trial issues and judgment impacting unrepresented other claimants.

The court need only find one, but for both reasons class certification is the exclusive procedure to avoid the undue risk FRCvP 23(b) is designed to prevent.

F.  *PREDOMINANCE*

FRCvP 23(b)(3) states that a class can be maintained if the Rule 23(a) factors are met and "The court finds that the questions of law or fact common to the members of the class predominate over questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FRCvP 23(b)(3). In order to "predominate," common issues must constitute a significant part of the individual cases. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). The purpose of the predominance requirement is to ensure that a proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Individual questions of causation or damages which do not predominate over common issues will not prevent certification. 7A Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1780 at 576-577 (2nd ed. 1986).

In the instant case, common questions of liability clearly predominate. Questions regarding defendant's duties and actions are common to every class member, and these duties and actions are the dominant focus of this litigation. There are no individual questions which predominate over these compelling common questions.

G.  *SUPERIORITY*

FRCvP 23(b)(3) requires that the class action be superior to other available methods for the fair and efficient adjudication of the controversy. The applicability of and need for this rule is well demonstrated in the instant case. There is a large body of parties plaintiff as to whom the legal and factual issues involving defendant liability do not differ significantly.

The common liability issues can be tried in a single class action trial, and any individual issue of damages can be resolved easily. *Hernandez v. Motor Vessel Skyward*, 61 F.R.D. 558 (S.D. Fla. 1973) affirmed without opinion 507 F.2d 1279 (5th Cir. 1975). *Sterling v. Velisicol Chemical Corp.*, 855 F.2d 1188, 1197 (2nd Cir. 1987).

Here, it would save an enormous amount of judicial resources to have the common liability issues tried one time instead of having these same issues tried over and over again, risking inconsistent verdicts and resulting in lengthy delays as plaintiffs have to wait in line to try the same issues of liability over and over again.

WHEREFORE, plaintiffs pray that this Memorandum in Support of Plaintiffs' Motion to Certify Class be deemed good and sufficient, that the Court certify this matter as a class action.

Respectfully submitted,

Edward J. Gonzales III, #01381
*Attorney for the Plaintiffs*
427 Mayflower Street
Baton Rouge, LA 70802
Telephone: (225) 766-1096
Facsimile: (225) 383-2725
edgonzaleslaw@gmail.com

/s/ C. Frank Holthaus
C. Frank Holthaus, #06976
Scott H. Fruge', #21599
Michael C. Palmintier, #10288
John W. deGravelles, #04808
*Attorneys for the Plaintiffs*
618 Main Street
Baton Rouge, LA 70801
Telephone: (225) 344-3735
Facsimile: (225) 336-1146
fholthaus@dphf-law.com
sfruge@dphf-law.com
mpalmintier@dphf-law.com
jdegravelles@dphf-law.com

## CERTIFICATE OF SERVICE

I certify that on October 1, 2012, the foregoing Ex Parte Motion to Certify Class and accompanying Memorandum in Support were served on counsel for all parties via a Notice of Electronic Filing through the CM/ECF system.

/s/ C. Frank Holthaus
_____
C. FRANK HOLTHAUS