UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REUEL ANDERSON, ET AL.                    CIVIL ACTION

VERSUS                                     NO. 12-398-SDD-RLB

UNITED STATES OF AMERICA

### RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by the United States. Plaintiffs have filed an *Opposition* to the motion.[2]   For the reasons which follow, the Court finds that the motion should be granted.

**I.    Factual Background**

Plaintiffs in this case are victims of a Ponzi scheme who lost their investments in Stanford International Bank, Ltd. ("SIBL"). Plaintiffs allege in this action that the conduct of employees at the Securities and Exchange Commission ("SEC"), acting within the course and scope of their employment, committed acts or omissions which caused Plaintiffs' harm, and Plaintiffs seek relief under the Federal Tort Claims Act ("FTCA").   Plaintiffs allege that the SEC knew SIBL and the Stanford Group Company ("SCG") to be participants in a massive Ponzi scheme. Plaintiffs further allege that Spencer Barasch, former SEC regional Enforcement Director, was negligent and engaged in deliberate misconduct in failing to investigate this scheme before Plaintiffs suffered loss.

---

[1] Rec. Doc. No. 5.

[2] Rec. Doc. No. 11.

Doc 36                                     1

Negligent supervision of Barasch by his SEC supervisors is also alleged. Specifically, Plaintiffs contend that Barasch knew of the Stanford scheme and suppressed the claims and refused to investigate them which allowed the continued defrauding of investors. Plaintiffs further contend that had Barasch fulfilled his duties properly, they would not have lost their investments: "Had Barasch not done as he did, none of the plaintiffs would or even could have invested with SIBL - it's doors would have been shut - and the damages suffered by the plaintiffs would have been completely avoided."[3]

The Government moved to dismiss this case for lack of subject matter jurisdiction arguing that the action or inaction alleged in the *Complaint* falls squarely under the discretionary function exception to the FTCA. The Government contends that the SEC enjoys complete discretion in deciding what matters to investigate and that FTCA suits challenging SEC decisions to investigate (or to not investigate) alleged wrongdoing must be dismissed.

## II.    Law and Analysis

### A.    Motion to Dismiss under Rule 12(b)(1) or Rule 12(b)(6)

Plaintiffs argue the Court should not analyze this motion under Rule 12(b)(1) for lack of subject matter jurisdiction but rather Rule 12(b)(6) because they contend the Government's challenge is not just to the Court's jurisdiction but also to the existence of a federal cause of action.[4] The Court finds that the same result is reached in this case under either approach.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the

---

[3] Rec. Doc. No. 1, ¶ 28.

[4] Plaintiffs cite *Zelaya et al. v. US*, 890 F.Supp.2d 1311, 1316 (S.D. Fla. 2012) ("When considering the government's motion to dismiss a FTCA case on the basis of the application of the discretionary function exception, a court should accept the plaintiff's allegations as true.")(internal citations omitted).

statutory or constitutional power to adjudicate the case."[5] "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute,"[6] and should "grant[ ] [the motion] only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[7] In reality, "the federal courts have followed a general practice of granting jurisdiction in most cases and dismissing for lack of subject matter jurisdiction only under narrow circumstances."[8] The plaintiff bears the burden of proof on a Rule 12(b)(1) motion.[9] The Court accepts as true all allegations and facts in the complaint.[10]

When a court considers a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."[11] "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.' "[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[5] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998) (*citing Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)).

[6] *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (*citing Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981)).

[7] *Id.* (*citing Home Builders*, 143 F.3d at 1010).

[8] *Nowak*, 81 F.3d at 1188.

[9] *See Ramming*, 281 F.3d at 161.

[10] *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 553 (5th Cir.2010).

[11] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir.2010).

[12] *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir.2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

liable for the misconduct alleged."[13] The court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[14] Furthermore, "[a] complaint does not 'suffice if it tenders "naked assertion[s]' devoid of 'further factual enhancement.'"[15]

### B.     The Discretionary Function Exception to the FTCA

"The FTCA, subject to various exceptions, waives sovereign immunity from suits for negligent or wrongful acts of Government employees."[16] The discretionary function exception "withdraws the FTCA's waiver of sovereign immunity in situations in which, although a government employee's actions may have been actionable under state tort law, those actions were required by, or were within the discretion committed to, that employee under federal statute, regulation, or policy."[17] In examining whether a challenged action falls within the exception, courts apply a "strong presumption that a discretionary act authorized by [a] regulation involves consideration of the same policies which led to the promulgation of the regulation[ ]."[18] Generally, "[i]f a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the

---

[13] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

[14] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005).

[15] *Wilson v. Kirby Corporation*, 2012 WL 1565415 (E.D. La. 5/1/12), quoting *Ashcroft*, 556 U.S. at 677, 129 S.Ct. at 1949).

[16] *United States v. Gaubert*, 499 U.S. 315, 318 n. 4, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991).

[17] *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir.2010)(The Exception provides that the Act's waiver of sovereign immunity excludes [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused. 28 U.S.C. § 2680 (a)).

[18] *Gaubert*, 499 U.S. at 324, 111 S.Ct. 1267.

agency is not bound to act in a particular manner and the exercise of its authority is discretionary."[19] However, "[w]hen a suit charges an agency with failing to act in accord with a specific mandatory directive, the discretionary function exception does not apply."[20]

Courts apply a two-prong test to determine the application of the exception. First, courts "consider whether the action is a matter of choice for the acting employee."[21] In making this determination, courts focus on "the nature of the conduct, rather than the status of the actor," questioning "whether the challenged acts of a Government employee—whatever his or her rank—are of the nature and quality that Congress intended to shield from tort liability."[22] Second, " 'assuming the challenged conduct involves an element of judgment,' it remains to be decided 'whether that judgment is of the kind that the discretionary function exception was designed to shield.' "[23] "[T]he proper inquiry under prong two is not whether [the government actor] *in fact* engaged in a policy analysis when reaching his decision but instead whether his decision was 'susceptible to policy analysis.' "[24] "In sum, the discretionary function exception insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment."[25]

---

[19] *Spotts*, 613 F.3d at 567 (*citing Gaubert*, 499 U.S. at 329, 111 S.Ct. 1267).

[20] *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 544, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988).

[21] *Id.* at 536, 108 S.Ct. 1954 (*citing Dalehite v. United States*, 346 U.S. 15, 34, 73 S.Ct. 956, 97 L.Ed. 1427 (1953)).

[22] *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

[23] *Gaubert*, 499 U.S. at 322–23, 111 S.Ct. 1267 (*quoting Varig Airlines*, 467 U.S. at 813, 104 S.Ct. 2755).

[24] *Spotts*, 613 F.3d at 572 (*quoting Gaubert*, 499 U.S. at 325, 111 S.Ct. 1267) (emphasis in original).

[25] *Berkovitz*, 486 U.S. at 537, 108 S.Ct. 1954.

1.   History of SEC Investigatory Discretion

In conferring power on the SEC to investigate securities law violations under the Securities Exchange Act of 1934, Congress explicitly made the agency's use of that power discretionary:

> The Commission may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated, is violating, or is about to violate any provision of this chapter. ... The Commission is authorized in its discretion, to publish information concerning any such violations, and to investigate any facts, conditions, practices, or matters which it may deem necessary or proper to aid in the enforcement of such provisions.[26]

The statute repeatedly uses permissive language rather than mandatory language. It is clear that "the SEC retains discretion over **when** and **how** to conduct its investigations. This leads to a strong presumption that the SEC's actions were discretionary."[27] In considering similar claims brought by investors/victims of the Bernard Madoff Ponzi scheme, the district court for the District of Columbia in *Donahue v. US*[28] discussed the broad power vested in the SEC in conducting investigations:

> As other courts have recognized, it could not be more clear that the SEC's broad power to conduct investigations into securities law violations is discretionary in nature. Moreover, "[w]hatever else the discretionary function exception may include, [the exception] plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." *United States v. Varig Airlines*, 467 U.S. at 813–14, 104 S.Ct. 2755. That is because "Congress wished to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* at 814, 104 S.Ct. 2755. Accordingly, "the courts

---

[26] 15 U.S.C. § 78u(a)(1).

[27] *Dichter-Mad Family Partners, LLP v. US*, 707 F.Supp.2d 1016, 1035 (C.D. Cal. 2010)(emphasis in original), *citing Gaubert*, 499 U.S. at 324, 111 S.Ct. 1267 ; *see also Vickers v. United States*, 228 F.3d 944, 951 (9th Cir. 2000)("[T]he discretionary function exception protects agency decisions concerning the scope and manner in which it conducts an investigation so long as the agency does not violate a mandatory directive.").

[28] 870 F.Supp.2d 97 (D.D.C. 2012).

have unanimously rejected challenges to the SEC's use of its investigatory powers." *Dichter–Mad Family Partners, LLP v. United States*, 707 F.Supp.2d at 1036. *See, e.g., Levy v. United States*, 956 F.2d 274 (9th Cir.1992) (affirming dismissal of FTCA claim against SEC for failure to investigate and disclose insolvency of company acquired by plaintiff); *Robert Juan Dartez, LLC v. United States*, 824 F.Supp.2d 743 (N.D.Tex.2011) (applying discretionary function exception to dismiss FTCA claim based on SEC's failure to uncover Ponzi scheme). "Investigation and prosecution under [Section § 78u(a) ] of the Securities Acts is discretionary; therefore the United States is immune to [such] claims." *S.E.C. v. Better Life Club of Am., Inc.*, 995 F.Supp. 167, 180 (D.D.C.1998)), *aff'd* 203 F.3d 54 (D.C.Cir.1999).[29]

The court did note, however, that "[t]his state of affairs does not mean that all conduct by the SEC is categorically immune from FTCA liability. '[T]he exception was designed to cover not all acts of regulatory agencies and their employees, but only such acts as are "discretionary" in nature.'"[30]

### 2. Matter of Choice

Plaintiffs acknowledge that the discretionary function exception protects regulators as to their policy choices, but argue that once those choices are made, an SEC employee's conduct is not further protected by the exception. Plaintiffs contend the policy choice to make referrals to the National Association of Securities Dealers ("NASD") and the Texas State Securities Board ("TSSB") were in place, and Barasch neglected to make these referrals although he represented that they had been made. Thus, Plaintiffs argue that if a decision is made to make an enforcement referral, and then not followed, this decision is outside the realm of the exception.

The Government points out that Plaintiffs have failed to allege a federal statute, regulation or policy that specifically sets forth any circumstances requiring an SEC employee to make an enforcement referral or what it even means for such a referral to be effected. The Government also

---

[29] 870 F.Supp.2d 97, 105-06.

[30] *Id.* at 106, n. 5, *quoting Berkovitz v. United States*, 486 U.S. at 538, 108 S.Ct. 1954.

argues Plaintiffs fail to present a statute, regulation or policy specifically stating that Barasch had no choice but to make a referral in the event he concluded a referral should be made. The Government contends that, because there is no statute, regulation, or policy which required Barasch to make an enforcement referral to either the NASD or TSSB, Plaintiffs fail to allege conduct which falls outside of the exception.

The Court finds that the law and applicable jurisprudence supports the Government's position. While the alleged conduct of Barasch is disturbing, the Supreme Court requires this Court to examine "the nature of the actions taken and [] whether they are susceptible to policy analysis," not "the agent's subjective intent in exercising the discretion conferred by statute or regulation."[31] Further, even if Barasch abused the discretion conferred to him, the FTCA clearly states that the discretionary function exception applies "whether or not the discretion involved be abused."[32] The decision by Barasch to initiate an investigation, and to follow through once he indicated he would refer the matter, is clearly a matter of choice. Therefore, the first prong of the discretionary function exception test is satisfied.

        3.     Susceptible to Policy Analysis

Plaintiffs contend that Barasch stated to the Office of Inspector General ("OIG") investigators that he made the referrals at issue, yet the OIG report shows he did not make them. Plaintiffs argue that Barasch did not have the discretion to choose not to make the referrals since it was agency policy to make such referrals. Plaintiffs claim: "[Barasch] **neglected**, willfully or not, to make the referrals, which is was then his **duty** to make. This misconduct is in no way 'susceptible of policy

---

[31] *Gaubert*, 499 U.S. at 324, 111 S.Ct. 1267.

[32] 28 U.S.C. § 2680(a).

analysis.'"[33]

The Government argues a regulatory agency's decisions about who and what and when to investigate are "quintessential governmental policy decisions."[34] Because the SEC cannot investigate every matter, the agency must decide what leads to pursue and which are most likely to produce the greatest benefit to the public. The Government contends these decisions fundamentally depend on the agency's policy considerations.

In addressing similar claims by the victims of the Madoff scheme, the *Donahue* court stated: "With respect to the second half of the test - whether these discretionary acts ' "are of the nature and quality that Congress intended to shield from tort liability,"'[35]- the Supreme Court has stated that 'if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulation.'"[36] The court quoted 17 C.F.R. § 202.5 (a), which provides:

> Where, from complaints received from members of the public, communications from Federal or State agencies, examination of filings made with the Commission, or otherwise, it appears that there may be violation of the acts administered by the Commission or the rules or regulations thereunder, a preliminary investigation is generally made. In such preliminary investigation no process is issued or testimony compelled. The Commission may, in its discretion, make such formal investigations and authorize the use of process as it deems necessary.

The court stated that "[t]his language creates a 'strong presumption' that any investigatory decisions

---

[33] Rec. Doc. No. 18, p. 3 (emphasis in original).

[34] Rec. Doc. No. 5-1, p. 13.

[35] *Donahue*, 870 F.Supp.2d at 107, *quoting Cope v. Scott*, 45 F.3d at 448 (*quoting United States v. Varig Airlines*, 467 U.S. at 813, 104 S.Ct. 2755).

[36] *Id.*, *quoting Gaubert*, 499 U.S. at 324, 111 S.Ct. 1267.

made by SEC employees involve policy considerations."[37]  The court further noted that "[w]hen regulators 'exercise[] their discretion to choose from various courses of action,' including choices that involve 'operational' and 'day-to-day decisions,' the presumption attaches that such choices are made in furtherance of the policies underlying the regulators' authority."[38]  The court also stated that attempting to allege facts to support a finding that the challenged actions were not policy decision "presents a high hurdle, because '[w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion.'"[39]

The Court agrees with the analysis and reasoning of *Donahue* in interpreting the Supreme Court's instruction on policy considerations.  The Court finds that Barasch's discretionary decision, whether or not an abuse of that discretion, was susceptible to policy considerations as set forth above.  Therefore, the Government has satisfied both prongs of the discretionary function exception test.

The Court's decision is in line with *Robert Juan Dartez, LLC v. United States,* wherein Judge Godbey in the Northen District of Texas recently addressed the same allegations involving the same defendants and the alleged conduct of Barasch.[40]  The court found that the actions complained of satisfied both prongs of the exception, but noted that "the alleged instances of unethical conduct and

---

[37] *Id.*

[38] *Id., quoting Gaubert*, 499 U.S. at 332, 111 S.Ct. 1267.

[39] *Id.* at 107-08, *quoting Gaubert*, 499 U.S. at 324, 111 S.Ct. 1267.

[40] 824 F.Supp.2d 743 (N.D. Tex. 2011).

mismanagement, if true, are troubling."[41] The court continued:

> The heart of this action, however, consists of an attack on one of the most quintessentially discretionary government functions – an agency's decision to regulate. One need look no further than the converse of the Plaintiffs' three claims: if Barasch had acted ethically, his superiors had supervised properly, and the SEC had investigated competently, the SEC would have instituted an enforcement action before the Plaintiffs invested in the Stanford Defendants' scheme. But, the decision to investigate and prosecute under the federal securities laws falls squarely within the SEC's discretion. *See, e.g.,* 15 U.S.C. §§ 77t, 78u (repeatedly using the phrase, "the Commission may, in its discretion"). And, "whatever else the discretionary function exception may include, it plainly was intended to encompass the discretionary acts of the Government acting in its role as regulator of the conduct of private individuals." *Varig Airlines*, 467 U.S. at 813-14, 104 S.Ct. 2755.[42]

While the *Robert Juan Dartez* decision is not binding on this Court, the Court can find no flaw in the reasoning set forth above. The Court agrees that "the Plaintiffs attribute their damages specifically to SEC inaction where the Plaintiffs would have preferred otherwise."[43] The Court also agrees with the following analysis:

> To find the Exception inapplicable here, moreover, invites the public to use the Act as a means to police government agencies' internal affairs. Congress included the Exception precisely because it "wished to prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort" and " 'to protect the Government from liability that would seriously handicap efficient government operations.' " *Varig Airlines*, 467 U.S. at 814, 104 S.Ct. 2755 (*quoting United States v. Muniz*, 374 U.S. 150, 163, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963)). Because the "[r]efusal to prosecute is a classic illustration of a decision committed to agency discretion," this action implicates those principles. Accordingly, the Court holds that the FTCA's waiver of sovereign immunity does not extend to the Plaintiffs' claims.[44]

---

[41] *Id.* at 747.

[42] *Id.* at 747-48 (footnote omitted).

[43] *Id.* at 748.

[44] *Id.* at 749.

## III. Conclusion

While the Court sympathizes with the losses suffered by the Plaintiffs in this matter, Plaintiffs have failed to identify any mandatory obligations violated by SEC employees in the performance of their discretionary duties. Plaintiff have also failed to allege facts demonstrating that the challenged actions are not grounded in public policy considerations. Therefore, the Defendant's *Motion to Dismiss*[45] is GRANTED. Plaintiffs' *Motion to Certify Class*[46] is DENIED as moot.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this 21 day of June, 2013.

SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[45] Rec. Doc. No. 5.

[46] Rec. Doc. No. 6.